IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

TYE BROWNING,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

Civil Action No. 1:21-cv-1107

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

    Plaintiff, Tye Browning, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

    1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

    2.    The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been deemed exhausted and this matter is now properly before this court for judicial review.

1

3. Venue is proper within the Western District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Tye Browning, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Henry County, Tennessee.

5. Defendant Life Insurance Company of North America (hereinafter "LINA"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243-1131.

6. Defendant LINA is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. LK - 960562, issued by LINA to MHM Services, Inc. dba Centurion.

## FACTS

7. Plaintiff was employed by MHM Services, Inc., in its Tennessee location as a Physician's Assistant.

8. By virtue of his employment, Plaintiff was enrolled in the Long Term Disability Plan, which is an ERISA employee welfare benefit plan (the "Plan").

9. Benefits under the Plan are insured by LINA under Group Long Term Disability Policy No. LK-960562, issued by LINA to MHM Services, Inc.

10. Plaintiff is a participant or beneficiary of the Plan.

11. Plaintiff ceased work due to a disability related to his medical conditions, including malignant hypertension, on April 2, 2020, while covered under the Plan.

12. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13. Plaintiff filed an application for LTD benefits under the Plan.

14. By letter dated September 28, 2020, LINA denied Plaintiff's application for LTD claim based on its nurse case manager and file reviewing doctor's opinion that Plaintiff is able to perform his own occupation as a Physician's Assistant.

15. Plaintiff appealed the denial of his benefits by letter dated September 28, 2020.

16. Defendant sent a letter on October 30, 2020, stating that it was tolling its decision deadline until Plaintiff submitted evidence in support of his appeal.

17. On November 9, 2020, Plaintiff sent in evidence supporting the appeal by providing updated medical records and the tolling period ended.

18. On November 20, 2020, Defendant requested a 45-day extension to make a decision.

19. By letter dated December 17, 2020, Defendant sent a letter to Plaintiff stating that it had obtained a report by its file reviewing doctor and it plans on denying Plaintiff's claim, but it is allowing Plaintiff time to respond to the additional evidence before it issues its denial letter. Defendant stated that it was tolling its decision deadline for the time that it takes for Plaintiff to respond.

20. The December 17, 2020, letter had the file reviewing physician's report attached. The file reviewing physician found that Plaintiff could perform his own occupation as a Physician's Assistant and that there is no medical evidence to support the presence of rebound hypertension caused by taking clonidine.

21. On December 31, 2020, Plaintiff faxed to Defendants a letter from his treating physician in which he opined that Plaintiff is suffering from malignant hypertension and his treating providers have not been able to get his blood pressure under control. He also stated that Plaintiff suffers from severe headaches associated with the blood pressure issues. He opined that Plaintiff is unable to physically work as a Physician's Assistant.

22. Any tolling would have ended when Plaintiff submitted the response letter to Defendants on December 31, 2020.

23. By letter dated January 13, 2021, Defendants sent Plaintiff an addendum from its file reviewing doctor and stated that that additional evidence submitted by Plaintiff did not change the file reviewing doctor's opinion and that it was tolling until Plaintiff submitted a response to the addendum.

24. On February 8, 2021, Plaintiff hired counsel and counsel sent a letter to Defendant requesting that it hold off on making an appeal decision for 60 days so that Plaintiff could submit additional evidence.

25. By letter dated February 10, 2021, Defendants granted the 60-day extension and stated that it was tolling as of the date of this letter until Plaintiff submits additional evidence.

26. By letter dated February 25, 2021, Defendant confirmed that it was granting an extension through April 26, 2021 for Plaintiff to submit additional evidence.

27. On April 26, 2021, Plaintiff submitted medical records, a medical opinion form from her treating provider, a comment form from her treating provider stating that he disagrees with the file reviewing physician's opinion, and videos of Plaintiff having episodes where he is uncontrollably shaking due to his blood pressure.

28. On April 27, 2021, Plaintiff submitted a medical assessment form from his treating physician, Dr. Griffey, which stated that Plaintiff suffers from shortness of breath, fatigue, weakness, palpitations, and sweatiness and he opined that less than ordinary activity causes fatigue, palpitations and dyspnea.

29. On June 14, 2021, 48 days after Plaintiff submitted his last evidence, Plaintiff sent Defendants a letter stating that its decision deadline under ERISA had passed and a decision was not timely made. Plaintiff stated that if a decision was not made in 7 days, he would be forced to file suit based on his administrative remedies being deemed exhausted. (Exhibit A, Plaintiff's 7-day warning letter)

30. In Plaintiff's June 14, 2021, letter he stated that if Defendants disagreed with his calculation of the decision deadline to let him know and send their calculations of the decision deadline.

31. By letter dated June 15, 2021, Defendants requested an independent medical examination ("IME") and did not address Plaintiff's June 14, 2021 letter or its decision deadline.

32. On June 24, 2021, Plaintiff sent Defendants another letter stating that its decision deadline had passed and that it had not timely requested an IME. Plaintiff stated that Defendants had 6 days after his submission of evidence on April 26, 2021, left to make a decision and it had been 58 days as of the date of the letter.

33. In his June 24, 2021, letter Plaintiff stated that if Defendants did not make a decision within 5 days, then he would be forced to file suit based on his administrative remedies being deemed exhausted. (Exhibit B, Plaintiff's 5-day warning letter)

34. As of the date of this complaint, Defendants have not made a decision on the claim.

35. Even if the tolling periods Defendant claims apply are included, Defendants have had 136 days to review Plaintiff's claim and make a decision.

36. Defendant has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

37. Pursuant to 29 C.F.R. § 2560.503-1(l), due to Defendant's failure to act in a timely fashion, Plaintiff is deemed to have exhausted his administrative remedies and is entitled to pursue all available remedies under ERISA 502(a) in this Court.

38. Due to Defendant's failure to establish and follow reasonable claims procedures, Plaintiff is entitled to *de novo* review of its denial of his claim.

39. Plaintiff has not received any disability benefits despite remaining disabled.

40. Plaintiff has exhausted his administrative remedies under the Plan.

41. Defendant would pay any benefits due out of its own funds.

42. Defendant owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

43. Defendant was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

44. Defendant allowed its concern over its own funds to influence its decision-making.

45. Defendant breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

46. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

47. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

48. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

49. The decisions to deny benefits were wrong under the terms of the Plan.

50. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

51. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

52. The decisions to deny benefits were not supported by substantial evidence in the record.

53. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

54. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

**PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 21st day of July, 2021.

Respectfully submitted,


ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF


BY:/s Audrey C. Dolmovich
Audrey C. Dolmovich
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX:  (423) 634-2505
adolmovich@buchanandisability.com